2019CA001788 - MORALES, SHAYNA vs. FASTRX INC

## SUMMARY

| | | |
|---|---|---|
| **Judge:** BRONIS, BARBARA W | **Case Type:** DISCRIMINATION-EMPLOYMNT/OTHER | **Status:** OPEN |
| **Case Number:** 2019CA001788 | **Uniform Case Number:** 562019CA001788AXXXHC | |
| **Clerk File Date:** 9/16/2019 | **Status Date:** 9/16/2019 | |
| **SAO Case Number:** | **Total Fees Due:** 0.00 | |
| **Agency:** | **Agency Report #:** | **Custody Location:** |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | MORALES, SHAYNA | COZAD, DAVID MITCHELL |
| PLAINTIFF | MORALES, SHAYNA | LEVY, CHAD EVAN (Main Attorney) |
| DEFENDANT | FASTRX INC | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|---|---|---|---|---|
| | | No Events on Case | | |

## CASE HISTORY

| CASE NUMBER | CHARGE DESCRIPTION | CASE STATUS | DISPOSITION | OUTSTANDING AMOUNT | NEXT EVENT | ALERTS |
|---|---|---|---|---|---|---|
| | | | No Additional Cases | | | |

## CASE DOCKETS

| IMAGE | DIN | DATE | ENTRY |
|---|---|---|---|
| 2 | 10 | 10/17/2019 | WAIVER OF SERVICE ( V ) |
| | 9 | 9/16/2019 | "RECIPIENTS: COZAD, DAVID MITCHELL - SUBJECT: SERVICE OF COURT DOCUMENT - 2019CA001788, MORALES, SHAYNA VS. FASTRX INC - ATTACHMENT COUNT: 1 - EMAIL DOCKET DESCRIPTIONS: SUMI-9/16/2019" |
| 1 | 8 | 9/16/2019 | SUMMONS ISSUED ( V ) |
| | 7 | 9/16/2019 | PLAINTIFF ATTORNEY: LEVY, CHAD EVAN ASSIGNED |
| | 6 | 9/16/2019 | CIRCUIT JUDGE BRONIS, BARBARA W: ASSIGNED |
| | 1 | 9/16/2019 | CASE FILED 09/16/2019 CASE NUMBER 2019CA001788 |
| | 9 | 9/16/2019 | PAYMENT $410.00 RECEIPT #2019000076556 RECEIVED FOR FILING NUMBER 95707761 VIA FILINGPAYMENTS20190916235959.TXT. |
| 1 | 5 | 9/13/2019 | SUMMONS TO BE ISSUED BY CLERK ( V ) |
| 5 | 4 | 9/13/2019 | COMPLAINT ( V ) |
| 2 | 3 | 9/13/2019 | CIVIL COVER SHEET ( V ) |


EXHIBIT E

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>NINETEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>ST. LUCIE</u> COUNTY, FLORIDA

Case No.: <u>562019CA001788AXXXHC</u>
Judge: <u>Barbara Bronis</u>

<u>Shayna Morales</u>
Plaintiff
vs.
<u>FastRX, Inc. f/k/a Doc RX, Co., Inc.</u>
Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Non-monetary declaratory or injunctive relief;
☒ Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

<u>2</u>

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ David Mitchell Cozad</u>        FL Bar No.: <u>333920</u>
            Attorney or party                                          (Bar number, if attorney)

<u>David Mitchell Cozad  09/13/2019</u>
       (Type or print name)                                                    Date

| __XX__ IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA |
|---|
| _____ IN THE COUNTY COURT IN AND FOR ST. LUCIE COUNTY, FLORIDA |

| CIVIL DIVISION | SUMMONS | CASE NUMBER |
|---|---|---|
| | | 562019CA001788AXXXHC |
| | | Judge Barbara Bronis |
| **PLAINTIFF(S):** | vs. **DEFENDANT(S)** | CLOCK IN |
| Shayna Morales, | FastRX, Inc. f/k/a Doc RX, Co., Inc., | |

**THE STATE OF FLORIDA**

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the Complaint or Petition, in this action on Defendant(s) **FastRX, Inc. f/k/a Doc RX, Co., Inc.,** by serving Registered Agent:

    FastRX, Inc. f/k/a Doc RX, Co., Inc.
    4636 Bit and Spur Road, Suite A
    Mobile, AL 36608

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's Attorney:

| Whose Address is: | CHAD E. LEVY, ESQ.<br>LEVY & LEVY, P.A.<br>1000 Sawgrass Corporate Parkway<br>Suite 588<br>Sunrise, Florida 33323<br>Telephone: (954) 763-5722<br>Facsimile: (954) 763-5723 |
|---|---|

Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

| JOSEPH E. SMITH | | DATE |
|---|---|---|
| | Court Seal | |
| **Clerk of Courts** | By:_____<br>Deputy Clerk | |

| | | |
|---|---|---|
| __XX__ IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA | | |
| _____ IN THE COUNTY COURT IN AND FOR ST. LUCIE COUNTY, FLORIDA | | |

| CIVIL DIVISION | SUMMONS | CASE NUMBER |
|---|---|---|
| | | 562019CA001788AXXXHC |
| | | Judge Barbara Bronis |
| **PLAINTIFF(S):** | vs. **DEFENDANT(S)** | CLOCK IN |
| Shayna Morales, | FastRX, Inc. f/k/a Doc RX, Co., Inc., | |

**THE STATE OF FLORIDA**

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the Complaint or Petition, in this action on Defendant(s) **FastRX, Inc. f/k/a Doc RX, Co., Inc.,** by serving Registered Agent:

FastRX, Inc. f/k/a Doc RX, Co., Inc.
4636 Bit and Spur Road, Suite A
Mobile, AL 36608

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's Attorney:

Whose Address is:
CHAD E. LEVY, ESQ.
LEVY & LEVY, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723

Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

| JOSEPH E. SMITH | | | DATE | |
|---|---|---|---|---|
| | By: _Vera Smith_ | Court Seal | 9/16/2019 | |
| Clerk of Courts | Deputy Clerk | | | |

IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

SHAYNA MORALES,

    Plaintiff,

vs.

FASTRX, INC.
f/k/a DOC RX, CO., INC.,

    Defendant.
_____/

CASE NO.: 562019CA001788AXXXHC
Judge Barbara Bronis

## COMPLAINT

Plaintiff, SHAYNA MORALES ("Plaintiff"), by and through her undersigned counsel, sues Defendant, FASTRX, INC. f/k/a DOC RX, CO., INC. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This is a proceeding for damages to remedy discrimination on the basis of handicap affecting the terms, conditions and privileges of employment and to redress the deprivation of rights secured to Plaintiff by the Florida Civil Rights Act of 1992, Florida Statutes §760, <u>et seq.</u> ("FCRA").

### JURISDICTION

2. Jurisdiction is invoked pursuant to the FCRA.

### VENUE

3. The claims asserted herein arose in this judicial circuit.

### PARTIES

4. At all times material hereto, the Plaintiff is a citizen of the United States,

resident of this judicial circuit and an employee or former employee of the Defendant.

5. At all times material hereto, the Defendant is operating in this judicial circuit, was the employer or former employer of the Plaintiff, and is an employer as defined by the FCRA.

6. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action pursuant to the FCRA. Specifically, Plaintiff filed her charge of discrimination with the US EEOC and the Florida Commission on Human Relations on or about February 15, 2019. Pursuant to Fla. Stat. 760.11(8), Plaintiff has exhausted her pre-suit administrative remedies.

## STATEMENT OF FACTS

7. The Plaintiff began her employment working in St. Lucie County on March 19, 2018, and during the first four months, was performing with the tools and training that had been provided to her.

8. Unfortunately, on July 10, 2018, Plaintiff was diagnosed with breast cancer but should not have prevented her from performing the essential functions of her position.

9. On August 18, 2018, Plaintiff provided her supervisor, Karli Washburn, with the rundown of her chemotherapy treatments to provide sufficient advance notice so accommodations, if needed, could be made.

10. Shortly thereafter, issues began to arise.

11. On August 24, 2018, a new clinic was assigned for Plaintiff to create, for which Karli was hardly available to assist.

12. For days, Plaintiff would email Karli for assistance, to which Karli would not respond.

13. From there, on August 30, 2018, Karli called Plaintiff with Catherine Hunter on the line, explaining, in short, that she needs to ALWAYS be available Monday through Friday 8 am to 5 pm, she was not eligible for FMLA, and she was not guaranteed a job.

14. Plaintiff was also told she had enough training by now and should be able to handle her job.

15. This was less than two weeks after Plaintiff provided notice of her chemotherapy treatment.

16. For the next four months, Plaintiff did her job to the best of her abilities, taking her occasional chemotherapy treatment sessions, providing full notice, and proper PTO forms.

17. This included a three-day training session in Florida between Plaintiff and Karli from December 4-6, 2018, that was conducted in Plaintiff's home.

18. However, on December 27, 2018, Plaintiff notified Karli on the phone that she would have a surgery date soon and will notify her in an appropriate amount of time.

19. As a follow-up, on January 3, 2019, Plaintiff then emailed Karli with a PTO form for her scheduled bilateral mastectomy, to occur on February 11, 2019.

20. As part of this request, Plaintiff sought five (5) days of post-surgery recovery.

21. Four days later, on January 7, 2019, Catherine called Plaintiff and terminated her, claiming that after all of this time and extensive training, she should be further along in her abilities to do her job.

22. There was no progressive discipline or prior warnings; only termination.

<u>**COUNT I**</u>
<u>**FLORIDA CIVIL RIGHTS ACT OF 1992-DISABLITY DISCRIMINATION**</u>

Plaintiff incorporates by reference paragraphs 1 through 22 herein and states as follows:

23. The Defendant has discriminated against the Plaintiff in the terms and conditions of her employment and has denied the Plaintiff continued employment because of her handicap.

24. The unlawful discriminatory practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

25. As a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, SHAYNA MORALES, requests that judgment be entered against the Defendant, FASTRX, INC. f/k/a DOC RX, CO., INC., for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT OF 1992-FAILURE TO ACCOMODATE

Plaintiff incorporates by reference paragraphs 1 through 22 herein and states as follows:

26. The Plaintiff suffered from a disability yet was a qualified individual.

27. Defendant had knowledge of Plaintiff's disability.

28. Plaintiff requested reasonable accommodations from the Defendant in order to remain employed with the Defendant while disabled.

29. Reasonable accommodations existed that would have allowed Plaintiff to perform the essential functions of her position.

30. Defendant failed to provide this reasonable accommodation.

31. The unlawful practices by the Defendant and its agents, as set forth herein, violates The Florida Civil Rights Act of 1992.

32.     As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has and will continue to suffer damages.

WHEREFORE, the Plaintiff, SHAYNA MORALES, requests that judgment be entered against the Defendant, FASTRX, INC. f/k/a DOC RX, CO., INC., for all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: September 13, 2019.          Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
F.B.N.: 333920

|  |  |
|---|---|
| | IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA |
| SHAYNA MORALES, | CASE NO.: 2019CA001788 |
| Plaintiff, | |
| vs. DocRx Inc., ~~FASTRX, INC.~~ ~~f/k/a DOC RX, CO., INC.,~~ | |
| Defendant. _____/ | |

## WAIVER OF SERVICE OF SUMMONS

TO:  Chad E. Levy, Esq.
     Law Offices of Levy & Levy, P.A.
     1000 Sawgrass Corporate Parkway
     Suite 588
     Sunrise, Florida 33323

I acknowledge receipt of your request that I waive service of a summons addressed to ~~FASTRX, INC. f/k/a~~ DOC RX, ~~CO.,~~ INC. in the above styled case. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 1.070.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

1.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

10-16-19
Date

Signature

Printed/typed name:   DocRX, Inc.
4636 Bit and Spur Rd., Suite A
Mobile, AL 36608 USA

\*    Duty to Avoid Unnecessary Costs of Service of Summons

Rule 1.070(i) of the Florida Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if they summons had been actually served when the request for waiver of service was received.

2