UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:19-CV-14411-ROSENBERG/MAYNARD

SHAYNA MORALES,

   Plaintiff,

v.

FASTRX, INC.
f/k/a DOC RX, CO., INC.,

   Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND,
GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

This cause is before the Court on Plaintiff's Motion to Remand (DE 3) and Defendant's Motion to Transfer Venue (DE 4).  Both motions are fully briefed with responses and replies.  The Court has considered the motions and the record, and is otherwise fully advised in the premises.  For the reasons that follow, Plaintiff's Motion to Remand is DENIED and Defendant's Motion to Transfer Venue is GRANTED.

### I.   BACKGROUND[1]

Plaintiff Shayna Morales began working for Defendant DocRX Inc.[2] on March 19, 2018. She was diagnosed with breast cancer on July 10, 2018.  On August 18, 2018, Plaintiff provided notice to her supervisor Karli Washburn of her chemotherapy treatments to facilitate any necessary accommodations.  On August 24, 2018, Plaintiff was assigned to create a new clinic.  Plaintiff emailed Washburn on multiple occasions asking for assistance with the project, but Washburn did

---

[1] The facts in this part are derived from Plaintiff's Complaint and are accepted as true for present purposes.  DE 1-8.
[2] Although the Complaint identifies Defendant as FASTRX, INC. f/k/a DOC RX, CO., INC., Defendant notes that the correct name of the entity that employed Plaintiff is DocRX Inc.  DE 1 at 1 n.1.

not respond.  On August 30, 2018, Washburn and Catherine Hunter, another employee of Defendant, called Plaintiff, explaining that Plaintiff was required to always be available from 8:00 AM until 5:00 PM, Monday through Friday.  They further advised that she was not eligible for leave under the Family Medical Leave Act, that she was not guaranteed a job, and that she should be able to handle her job with the amount of training she had been provided.  Plaintiff continued working over the next four months to the best of her abilities, taking occasional leave for chemotherapy treatments after providing notice and completing appropriate forms.  During this period, Plaintiff participated with Washburn in a three-day training session in Plaintiff's home.

On December 27, 2018, Plaintiff notified Washburn on the phone that she would have a surgery date in the near future.  On January 3, 2019, Plaintiff emailed Washburn a form for paid time off, which indicated that Plaintiff's bilateral mastectomy was scheduled for February 11, 2019.  Plaintiff sought five days of post-surgery recovery.  On January 7, 2019, Hunter terminated Plaintiff over the phone, stating that Plaintiff should have been further along in her ability to do her job based on her experience and training.

Plaintiff filed the Complaint in state court on September 13, 2019, under the Florida Civil Rights Act of 1992 ("FCRA"), Fla Stat. § 760.01 *et seq.*, alleging that Defendant discriminated against her on the basis of a disability and that Defendant failed to provide a reasonable accommodation for her disability.  Defendant removed the case pursuant to 28 U.S.C. § 1332 on October 30, 2019.  DE 1.  Plaintiff moves for remand, arguing that Defendant has failed to prove by a preponderance that the amount in controversy exceeds $75,000, as required for diversity jurisdiction.  Defendant moves to transfer venue to the Southern District of Alabama under 28 U.S.C. § 1404(a) pursuant to a forum selection clause in the employment agreement between the parties.

## II.     REMAND

District courts have original jurisdiction over any civil case where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties' citizenship is diverse. 28 U.S.C. § 1332. Unlike when a plaintiff files a claim in federal court that satisfies the amount in controversy requirement on its face, removal statutes are construed narrowly. *Burns*, 31 F.3d at 1095. Where, as here, the complaint seeks an unspecified amount of damages, Defendant must establish the amount in controversy by a preponderance of the evidence. *Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 357 (11th Cir. 1996). However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Rather, a court is permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.*

### A.  Discussion

Diversity of citizenship is not at issue here; Plaintiff is a Florida citizen and Defendant is an Alabama citizen. DE 1 ¶¶ 8–9. Rather, Plaintiff argues that Defendant has not met its burden in establishing the amount in controversy. Defendant asserts that the combination of four types of relief place the amount in controversy above $75,000: back pay, front pay, compensatory and punitive damages, and attorney's fees. As discussed below, the Court concludes that back pay together with compensatory and punitive damages satisfies the amount in controversy.

*1. Back pay*

Florida law authorizes the award of back pay in civil actions under the FCRA. Fla. Stat. § 760.11(5). The parties agree that Plaintiff's pay during her employment with Defendant was approximately $1,354.17 per week, and that $56,875.14 of back pay is in controversy from the date of Plaintiff's termination on January 7, 2019, through the date of removal on October 30, 2019.

Defendant argues that the court should consider back pay not only through the date of removal, but through an estimated trial date. The Court need not address this argument because the $56,875.14 of back pay incurred through the date of removal, combined with the value of Plaintiff's compensatory and punitive damages, is more likely than not in excess of $75,000.

    *2. Compensatory and punitive damages*

The FCRA authorizes "compensatory damages, including but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries," along with punitive damages up to a statutory cap of $100,000. Fla. Stat. § 760.11(5). Plaintiff seeks "all damages recoverable" under the FCRA, "including punitive damages." DE 1-6 at 5. Defendant cites several comparator cases involving disability discrimination against cancer patients with compensatory and punitive damages awards in the hundreds of thousands or millions of dollars. DE 1 at 9–10.

Plaintiff argues that Defendant fails to adequately demonstrate the value of Plaintiff's compensatory and punitive damages. But Defendant is not required "to banish all uncertainty" about Plaintiff's damages. *Pretka*, 608 F.3d 754. The Complaint alleges that Defendant failed to accommodate Plaintiff's chemotherapy treatment for breast cancer and terminated her shortly after Plaintiff requested recovery time for an upcoming double mastectomy. As a matter of reasonable inference and judicial experience, it is more likely than not that a jury could properly award more than $18,124.86 in compensatory and/or punitive damages if those facts were proven, which is all Defendant need show in light of the $56,875.14 of back pay as of removal. Because Defendant has done so, this Court has jurisdiction.

### III.   TRANSFER

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  When the parties have agreed to a contractual forum-selection clause, a court must transfer the case to the appropriate forum "[i]n all but the most unusual cases."  *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 66 (2013).  A valid, mandatory forum-selection clause modifies the traditional section 1404(a) analysis as follows:

> First, plaintiffs lose their "venue privilege": a plaintiff's choice of forum merits no weight and the plaintiff bears the burden of establishing that transfer to the bargained-for forum is unwarranted. "Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests" because agreement to a forum-selection clause is a waiver of the right to challenge the preselected forum as inconvenient for themselves, for their witnesses, or for their pursuit of the litigation. Third, when a party bound by a forum-selection clause files suit in a different forum, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations."

*Palm Beach Mar. Museum, Inc. v. Hapoalim Sec. USA, Inc.*, Case No. 18-cv-80596-MIDDLEBROOKS, 2019 WL 2167727, at *4 (S.D. Fla. Jan. 29, 2019) (quoting *Atl. Marine*, 571 U.S. at 63–64) (internal citations omitted).

#### A.   Discussion

The forum-selection clause in the parties' employment contract reads: "Any action hereon shall be brought in the state or federal courts located in Mobile County, Alabama."  DE 4-2 at 14.  This clause is mandatory and makes Mobile County the exclusive venue for any dispute under the contract.  *See Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (noting that "the use of the term 'shall' is one of requirement" in the context of a forum-selection clause).

Accordingly, the Court must transfer the case as long as Plaintiff's claims are within the scope of the clause and the clause is enforceable.

   1. *The forum-selection clause applies to Plaintiff's claims.*

Plaintiff argues that her claims are not within the scope of the clause because a claim of discrimination under the FCRA is not a claim under the employment contract—that is, it is not an "action hereon." This argument is foreclosed by *Slater v. Energy Services Group International, Inc*. That case involved claims under Title VII, the FCRA, and the Florida Whistleblower Act, and the forum-selection clause at issue read: "[A]ll claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia." *Slater*, 634 F.3d at 1330. The Eleventh Circuit held that the clause encompassed the plaintiff's FCRA claim, not just breach-of-contract claims, because the clause covered "all claims arising directly or indirectly from ***the relationship evidenced by the contract***." *Id.* at 1331 (emphasis added). This Court can depart from *Slater* only if the term "hereon" in the instant clause has a different meaning than "relating to or arising from" in the clause from *Slater*.

The term "hereon" is defined as "on this basis, matter, or subject." *Hereon*, BLACK'S LAW DICTIONARY (11th ed. 2019). The Court concludes that this language, like that of *Slater*, extends beyond breach-of-contract claims and covers statutory claims made on the basis, matter, or subject of the employment relationship created by the parties' contract. An unpublished Eleventh Circuit opinion reached the same conclusion with respect to the term "hereunder." *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 560 (11th Cir. 2016) (applying *Slater* to hold that use of "hereunder" in forum-selection clause included statutory claims). Therefore, Plaintiff's FCRA claims are within the scope of the forum-selection clause.

   2. *The forum-selection clause is enforceable.*

A forum-selection clause may be invalidated when: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). Of these factors, Plaintiff argues that the second and fourth operate to invalidate the parties' forum-selection clause. Plaintiff argues that being forced to travel to Alabama to litigate her case as a cancer patient would be burdensome. With the utmost respect for Plaintiff's fight against cancer, the Court cannot invalidate the forum-selection clause on this basis. The standard is a demanding one—Plaintiff must be deprived of her day in court. Without a detailed showing that Plaintiff's present condition or treatment regimen makes travel to Alabama effectively impossible, rather than merely inconvenient, the Court is not at liberty to alter the agreed-to terms of the contract.

   As for the fourth basis, Plaintiff argues that the clause is against public policy by making comparisons to Title VII, after which the FCRA is patterned. Plaintiff argues that Title VII's venue provision is evidence of a general public policy that Plaintiffs should be entitled to their choice of venue in civil-rights actions, forum-selection clause notwithstanding. The Court finds this line of argument unpersuasive. First, it contravenes the Supreme Court's recent guidance in *Atlantic Marine* that forum-selection clauses should be enforced in all but the most unusual cases. *Atl. Marine*, 571 U.S. at 66. Second, Title VII includes a detailed venue provision that the FCRA does not. *Compare* 42 U.S.C. § 2000e-5(f)(3) (authorizing venue based on four criteria related to the employer and employment practice) *with* Fla. Stat. § 760.11(4)(a) (authorizing venue "in any court

7

of competent jurisdiction"). Accordingly, the Court concludes that the forum-selection clause is enforceable, and the case should be transferred in accordance with the clause.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows**:**

1. Plaintiff's Motion to Remand [DE 3] is **DENIED**.

2. Defendant's Motion to Transfer Venue [DE 4] is **GRANTED**.

3. Plaintiff's Motion to Stay [DE 7] is **DENIED AS MOOT**.

4. This case is **TRANSFERRED** to the U.S. District Court for the Southern District of Alabama.

5. The Clerk of Court is instructed to **CLOSE** this case.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of December, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record